OPINION
{¶ 1} On May 5, 2006, appellee, Christina Midcap, purchased a used vehicle for $1,625.00 from appellant, Rayners Auto. Appellant informed appellee the vehicle would need a new transmission. Appellee agreed to have appellant install the new transmission for $1,000.00. Appellee paid $675.00 toward the $1,000.00.
 {¶ 2} On May 26, 2006, appellee filed a complaint against appellant, requesting $3,000.00 for a "lemon vehicle." On June 21, 2006, appellant filed a counterclaim, requesting $350.00 due and owing for the new transmission. A hearing before a magistrate commenced on July 6, 2006. At the conclusion of appellee's case, appellant moved for a directed verdict because the vehicle was sold "as is." By report filed July 12, 2006, the magistrate found in favor of appellee in the amount of $1,089.20. Appellant filed objections. By judgment entry filed July 28, 2006, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE MAGISTRATE ERRED AS A MATTER OF LAW BY FAILING TO GRANT DEFENDANT'S MOTION FOR A DIRECTED VERDICT."
 II {¶ 5} "THE TRIAL COURT'S ENTRY APPROVING AND CONFIRMING REPORT OF THE MAGISTRATE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 III {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO REVERSE THE REPORT OF THE MAGISTRATE."
 IV {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY CONSIDERING HEARSAY EVIDENCE PRESENTED BY PLAINTIFF."
 I, II, III {¶ 8} Appellant claims the motion for directed verdict should have been granted, the trial court erred in denying its objections to the magistrate's report, and the trial court's decision is against the manifest weight of the evidence. We agree in part.
 {¶ 9} Pursuant to Canton Municipal Rule of Court 2.5, rulings on objections to a magistrate's report are governed by Civ. R. 53. Subsection (D)(3)(b)(iii) of said rule states any objection to a "factual finding * * * shall be supported by a transcript of all the evidence submitted * * * or an affidavit of that evidence if a transcript is not available." Further, any challenge on appeal is deemed waived unless the mandates of Civ. R. 53(D)(3)(b)(iii) are followed. See, Civ. R. 53(D)(3)(b)(iv).
 {¶ 1O} As the docket demonstrates, a transcript was not filed with appellant's objections to the magistrate's report. Therefore, any factual issues objected to are waived for this appeal. However, this does not end our inquiry. In his report, the magistrate found the following:
 {¶ 11} "Pltf. bought car from Deft. `AS IS.' Pltf. further purchased faulty transmission from Deft. for $1,000.00 of which Pltf. paid only $675.00 for. Pltf. incurred *Page 4 
towing costs of $48.85, two bearing hubs for $270.00, estimate costs of $95.35. Pltf. awarded $1089.20 against Deft. plus costs and legal interest from 7/6/06."
 {¶ 12} Appellant's objections were not only to the factual finding of a "faulty transmission," but also to the award of damages ($414.20) apart from the damages for the transmission ($675.00).
 {¶ 13} Because there are no objections to the finding that the vehicle was purchased "as is," we find the damages specifically relating to the "as is" nature of the transaction to be in error as a matter of law. Therefore, these assignments of error are granted in part as to the $270.00 for "two bearing hubs" and the $95.35 diagnostic fee or "estimate costs" from Ewing Chevrolet for loose front wheel bearings (Plaintiff's Exhibits). The judgment entry is corrected to reflect judgment to appellee in the amount of $723.85.
 {¶ 14} Assignments of Error I, II and III are granted in part.
 IV {¶ 15} Appellant claims the trial court's decision was based upon hearsay evidence. As we discussed supra, the factual findings of the magistrate and any evidentiary irregularities must be supported in the objections by a transcript pursuant to Civ. R. 53. A transcript was not filed sub judice therefore, the complained of issue is waived. Civ. R. 53(D)(3)(b)(iv).
 {¶ 16} Assignment of Error II is denied. *Page 5 
 {¶ 17} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed in part and reversed in part, and judgment is entered.
 Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed in part and reversed in part. Judgment is hereby entered in favor of appellee in the amount of $723.85. Costs to appellant. *Page 1